CHARLES F. WARNER & Co. *vs.* WILLIAM MCGARY.

CHITTENDEN,
January,
1832.

Where an action is brought by the assignee of a promissory note against the maker, it is the duty of the payee who has assigned the note, warranting it to be due, and has received notice of the suit, to furnish all the evidence in his power to enable the assignee to recover.

In an action by the assignee of a notice against the payee, who had assigned it warranting it to be due, the admissions of a person whose name appeared to the note as the maker, were held to be inadmissible in evidence to prove the execution of the note by him, and thereby defeat a recovery by the plaintiff, on the ground that the supposed maker himself might be called on as a witness.

When a person is living, and is an admissible witness, his declarations, not made under oath, cannot be received in evidence.

This action was brought against the defendant to recover the amount of a promissory note which had been sold and transferred by him to the plaintiffs. The note was as follows :

" *Burlington, July* 18, 1827.

" For value received I promise to pay to *William McGary*, or " order, the sum of fifty dollars, on the first day of April next, " with interest.

<div style="margin-left:2em">
Signed,         *Hugh Riddle,*<br>
                   *John Shaughness,*<br>
                   *John Turner.*"
</div>

The assignment was in these words :

*Burlington, Nov.* 24, 1828.

" I hereby sell to *Charles F. Warner & Co.* a note in my " favor against Hugh Riddle, John Shaughness and John Turner, " all of Burlington, dated July 18, 1827, for fifty dollars, on in- " terest ; and have received the full amount of said *Warner* & *Co.* " I warrant the note due, but do not risk the ability of the signers " to pay.

<div style="margin-left:2em">
                                 his<br>
Signed,       *William* X *McGary.*"<br>
                             mark.
</div>

On the trial in the county court, it appeared in evidence that the plaintiffs had commenced an action on the note in the name of *McGary*, against John Turner, whose name appeared on the note as one of the signers ; that Turner defended the suit on the ground that he had signed the note as witness, and not as surety ; that *McGary* was notified that such defence was set up by Turner, but took no measures to obtain testimony to prove the signature, nor gave the plaintiffs any information where evidence could be procured ; and that on account of this defence set up by Turner, the plaintiffs consented to a nonsuit.

The defendant tendered evidence to prove that Turner, after the note was sold to the plaintiffs, admitted he had signed the note in question with Hugh Riddle and John Shaughness, as surety, and

not as a witness, and that he was liable on the note. This evidence was objected to by the plaintiffs, and was rejected by the court ;. whereupon the jury returned a verdict for the plaintiffs. The defendant filed exceptions to the opinion of the court, and the cause was brought up to this Court on a motion for a new trial.

*Mr.Allen, for the defendant,* cited *Hall* vs.*Phelps*,2 *Johns.R.*45; 2 *Stark. Ev.* 44, 45 ; 1 *do.* 341 ; * * * * vs. *Williamson*, 1 *Doug.* 93 ; *Abbott* vs. *Farr, id.* 215 ; *Call* vs. *Demming,* 4 *East,* 55.

*Bailey* and *Marsh, for the plaintiffs,* cited *Phil. Ev.* 176, 210 ; *Harrison* vs. *Blade et al.* 3 *Camp.* 457 ; *Phil. Ev.* 38 ; 3 *Johns. Cases,* 83 ; *Phelps* vs. *Winchell,* 1 *Day's Rep.* 270 ; *Shuttleworth* vs. *Stevens,* 1 *Camp.* 407'; *Stanton* vs. *Atkinson,* 7 *Term Rep.* 480 ; * * * * vs. *Hallett,* 2 *Caines' Rep.* 77 ; *McLeod* vs. *Johnstons,* 4 *Johns. Rep.* 126 ; 1 *Stark. Ev.* 185, 231 ; *Case* vs. *Reeve,* 14 *Johns. Rep.* 79 ; *Nix* vs. *Culling,* 4 *Taun.* 17 ; *Hart* vs. *Horn,* 2 *Camp.* 92 ; 10 *Mass.* 397 ; 7 *do.* 297 ; 2 *Vt. Rep.* 193.

The opinion of the Court was delivered by,

WILLIAMS, J.—To maintain this action,and entitle themselves to a verdict,the plaintiffs must have proved the sale of the note to them by the defendant, and that Turner, who appeared by the note to be one of the makers, was not so in fact, but that he intended to put his signature thereto as a subscribing witness only, and not as a joint promissor. Of the sale and warranty set forth in the declaration, there was no doubt. On the note thus sold, the name of John Turner appeared as one of the signers. To prove that it was not so signed by him, or was not so intended, the plaintiffs introduced sundry witnesses. It appeared that a suit had been instituted by the plaintiffs against Turner to recover the amount of the note ; that it was defended by him on the ground that he never made the note ; but that he signed the same only as a witness, and his signature was affixed in the wrong place. It further appeared that this defendant, *McGary,* was notified of this suit, and also notified that this defence was set up by Turner ; that he failed to furnish the plaintiffs with any evidence to resist the defence, and the plaintiffs thereupon permitted a nonsuit to be entered in that suit. A future recovery on the note is not prevented, if Turner ever was liable thereon. The defendant by paying the

plaintiffs the amount due, can avail himself of all the right or remedy which he ever had against any of the parties thereto.

As the defendant was the payee of the note, he must have known the situation in which Turner stood, whether as a promissor or a subscribing witness, as well as where the testimony could be procured to prove that Turner was liable thereon. It was most unquestionably his duty to have furnished all the evidence in his power to enable the plaintiffs to maintain the suit which they had commenced against Turner, and to cut down the defence which Turner had set up. He was not at liberty to neglect or omit to procure this evidence, suffer the plaintiffs to fail of a recovery for want of procuring the testimony which could have been had, and wait until he was sued on his warranty, before he apprised the plaintiffs that any such testimony could be found.

Taking this view of the obligation of the defendant, he immediately became liable to the plaintiffs when they entered the nonsuit in the suit brought by them against Turner. The testimony, therefore, offered, as to the admissions of Turner, was irrelevant and immaterial, and on that account alone should have been rejected. Some members of the Court on this ground alone would be disposed to affirm the judgement of the county court.

But if the defendant, *McGary*, could defend this suit by proving that Turner did sign the note as a surety for the other signers, and not as a witness, (and I am inclined to think he might under this declaration,) still it appears to me, that the evidence offered was on every ground inadmissible. The evidence offered was the admissions made by Turner. Of course, it was intended that the plaintiffs should be affected by the declarations of a person not a party to the suit, who had no interest in common with them, no interest in the event of the suit, who was alive and might be called as a witness. Now I know of no rule of law which would warrant the admission of this evidence. I know of no cases analogous, where testimony of this nature has been admitted. Nor can I see any soundness in the argument, that these admissions should have been received, because they were against the interest of the party making them, or that the declarations of a person, not on oath, should be received as evidence, because that person would be under a strong temptation not to tell the truth if called on as a witness.

It is true, as has been argued, that the declarations of a party have been received to prove his signature to a written instrument. The authorities which have been read by the defendant's council

CHITTENDEN,
January,
1832.

Warner et al.,
*vs.*
McGary.

CHITTENDEN
January,
1832.

Warner et al.
vs.
McGary.

to establish this point are recognized ; but they fall far short of establishing the point which is here contended for, viz. that the declarations of one not a party are evidence for that purpose.

I apprehend that in no case are the admissions of a person, not a party, evidence, where such person can be called on as a witness, unless he is the person really interested in the suit, or there is an identity of interest in him and the party, or he is the agent. And in the latter case, it is only the declarations of the agent at the time the particular transaction took place about which they are made, which can be received : what he says at another time on his own authority is not admissible.

The only cases where the declarations of persons against their interest have been admitted in a suit between others, is where the person who made them is dead.. So firmly has this rule been adhered to, that *Lord Ellenboro'* in the case of *Harrison* vs. *Blades and another*, 3 *Camp*. 457, refused to receive in evidence the tax gatherer's receipts, signed by him, to prove the payment of taxes, where the receipts charged him with the receipt of money, and, of course, was an admission against the interest of the person signing the receipts ; and where also the tax gatherer had been in attendance during the term, but was seized with an apoplectic fit, and it was proved that he was given over by his physician, and was *in extremis*—observing, that the witness would propably be dead before the next sitting, when the receipts might be received.

The case of *Walker* vs. *Broadstock*, 1 *Esp*. 458, where the declarations of a person living were admitted, was a case where the declarations or opinion of the person were the facts to be proved ; and could therefore be as well proved by the testimony of other witnesses as by the person making them.

The declarations of the occupier of lands, or of a tenant, are admissible upon this principle in some cases. In others they are admitted where they accompany acts, and are explanatory of them.

It has been contended that the admissions or receipts of the payee or holder of a promissory note, are evidence for the maker in an action by the endorsee against the maker. This however is, at least, questionable, unless the person making the admissions and receipts was identified in interest with the plaintiff in the suit, or unless they are to be received in consequence of the provision of our statute in relation to the negotiability of notes.

I apprehend the current of the English authorities is against receiving the admissions of the payee of a promissory note, even

CHITTENDEN,
January,
1832.

Warner et al.
vs.
McGary.

while he held the note, in an action by the endorsee against the maker, except when the note was endorsed after due. In the case of *Hemings* vs. *Robinson, Barnes' notes*, 436, which was an action by the endorsee against the maker of a promissory note, the acknowledgement of the endorser, that the name endorsed was in his hand writing, was held not to be sufficient evidence of that fact, upon the ground that no person's confessions but those of the defendant himself could be proved. And it may be here remarked, that this was the acknowledgement of a person against his interest. In the case of *Clipsam* vs. *O'Brien*, 1 *Esp.* 10, the letters of the endorser were not received in an action against the maker to impeach the endorsee's title, and this was in a case where the note was endorsed after it became payable. The reporter in a note observes, " that as they were not the admissions of the party, or of the agent, it is difficult to discover a pretext for offering them."

In the case of *Duckham* vs. *Wallis*, 5 *Esp.* 251, it was held, that what was said by the holder and endorser was not evidence in an action by the endorsee against the acceptor ; but the endorser should have been called. In the case of *Barough* vs. *White*, 4 *Barn. and Cres.* 325, it was decided by the court of Kings Bench, that the declarations of the payee of a promissory note, when the same was in his possession, that he gave no consideration to the maker, were inadmissible in a suit by the indorsee against the maker ; and it was remarked by the judges in that case, that the payee, whose declarations were offered in evidence, was living, and should have been called. In a later case found in 1 *Barn. and Ald.* 89, *Beauchamp* vs. *Parry*, it was held, that in an action by the indorsee against the maker of a promissory note, declarations of the payee, while he was the holder of the note, are not evidence to prove that the consideration of the note was money lost at play, unless it be previously shewn that the endorsee is identified in interest with the payee, as by having taken the note after it was due, or without any consideration.

In both of these latter cases it is laid down as a rule, not to be departed from, that where a person is living, and can be called on as a witness, his declarations made at another time are not evidence. The ground upon which the declarations of the payee can be received, where the note was endorsed after due, seems to be this ; that where a note is endorsed after due, the person receiving it shall be considered in the same situation as the person from whom he receives it, and be taken to have notice of all the

CHITTENDEN
January,
1832.

Warner et al.
vs.
McGary.

other knew concerning it.—7 *Term Rep.* 423, *Boehm and others* vs. *Sterling and others.* *Stakie*, in his treatise upon evidence, states the rule to be, "that the defendant, by proof that the bill was endorsed to the plaintiff after it became due, places the plaintiff in the situation of the endorser, and may give any evidence to bar the plaintiff's claim which would have defeated that of the endorser."

I apprehend no case can be found to establish the principle that the declarations of the payee of a promissory note are receivable in evidence in an action by the endorsee against the maker, where the note is endorsed before due. The *dictum* of *C. J. Best*, in the case of *Pocock* vs. *Billings*, 2 *Bing.*269, would seem to countenance the idea that such declarations were admissible when they were adverse to the interest of the party making them. But this opinion was evidently extrajudicial, was so declared to be by the court of Kings Bench in the case of *Barough* vs. *White*, 4 *Barn. and Cres.* before mentioned, and cannot be considered as any authority whatever.

As the statute of this state provides, that in all actions brought by the endorsee of a promissory note, against the maker, the defendant may plead, or give in evidence, any matter or thing which would equitably discharge the defendant in an action by the original payee, I apprehend the declarations of the payee, made while he was the holder, might be received. But the cases where these declarations of a person, not a party to the suit, are received, are not on the ground, that they are against the interest of the party, and therefore admissible; and they do not conflict with the principle, which is certainly well established by all the authorities, that when a person is living, and is an admissible witness, his declarations, not on oath, can on no ground whatever be received in evidence. The county court, therefore, were correct, in rejecting the testimony offered, of the declarations of Turner, who might have been a witness in the cause, even if the defendant had not been notified of the suit brought against Turner, so as to have been precluded from his defence by the proceedings in that case.

The judgement of the county court is affirmed.