RUTH WILLIAMS *vs.* ABEL BALDWIN.

WINDSOR,<br>
February,<br>
1835.

A co-signer of a promissory note, who is but a surety for the other signer, may be constituted by the creditor an agent to collect the note of such other signer. And it is a good defence for the latter, when afterwards sued on the note, that he paid the amount to such co-signer acting as agent of the creditor.

After such agent had died insolvent, and his estate had been settled—*Held*, that his widow was a competent witness in support of this defence.

And *it seems* that he and his wife might have been called as witnesses for the same purpose during his life-time ; as the testimony would only have tended to charge him with a civil liability.

This was assumpsit on a promissory note, executed to the plaintiff by the defendant and one Russell, as joint and several promissors. It was conceded on trial, that the sole consideration of the note was money lent by the plaintiff to the defendant. The defence was, payment by the defendant to Russell, acting as agent of the plaintiff. In support of this defence the defendant read in evidence a receipt, signed by Russell as the plaintiff's agent, for the amount due on the note, and dated April 5, 1830. It appeared that previous to the trial Russell had deceased, that his estate was insolvent, and had been settled. To show the authority of Russell to receive the money as agent of the plaintiff, the defend-

WINDSOR,
February,
1835.

Williams
vs.
Baldwin.

ant called the widow of Russell, and offered to prove by her, that in March, 1830, said Russell, her then husband, received a letter from the plaintiff, who was his sister, in which she requested him to collect some money for her of the defendant, and send it to her by the first safe opportunity;—that the witness read the letter when it was received, and thus became acquainted with its contents; that it was a family letter, and was carried by her husband in his hat, where she last saw it in the summer of 1830;—that she had since made thorough search among the papers of her said late husband, and the letter could not be found.  This evidence was objected to by the plaintiff, on the ground that the witness was incompetent to testify to the facts aforesaid, which transpired during the life of her husband; because no search for the letter had been made among the papers of defendant; and because the facts, when proved, would not constitute an agency in Russell, sufficient to bind the plaintiff.  The evidence was admitted, and the jury returned a verdict for defendant.  The cause was thereupon removed to this court, on exceptions filed by the plaintiff.

*Titus Hutchinson for the plaintiff.*—The first question raised on these exceptions is, whether the widow of Russell was properly admitted to testify to her husband's right to receive money of Baldwin on a note, which he, Russell, had signed with Baldwin, so as to bind the plaintiff, without her actually receiving the money.

Perhaps she may be free from interest in this suit, as the estate of her husband proved insolvent, and has been settled, unless through a supposition that this settlement may be disturbed and her dower of assignment affected by a bill in chancery, predicated upon a discovery of a new state of things.  This would, at best, be contingent, and something remote.

But we urge, that she ought not now to be admitted to prove a fact to which neither she nor her husband could have been competent to testify while he was living; which is the present case.— In Peak's Ev. 174, marg. p. and 1 Phil. 66, it is laid down that a woman, after a divorce, cannot be admitted to testify against her former husband to any fact which existed before the divorce.  In 2 Starkie is the same case, adding the case of dissolution of marriage by death.  In 4 Vt. Rep. 131, *Hogaboom* vs. *Herrick*, it was decided, that referees correctly rejected the widow of the principal as incompetent to prove payment to the plaintiff by her deceased husband in his life-time.  Nothing there is stated about the settlement of his estate.

2. The loss of the letter was not sufficiently proved to admit evidence of its contents. If Baldwin ever paid money on the credit of this letter, he would be careful to keep it. No search was made by him.—See 5 Pick. Rep. 436, *Taunton Bank* vs. *Richardson et al*, the clerk swore to a search for a letter by him and one director held insufficient without the oath of the director also.

3. We contend that such a letter as the witness describes would be no authority for Baldwin to pay money to Russell on a note signed by Russell with and for Baldwin. No such payment from one signer of the note to the other can destroy the plaintiff's right of action on the note itself. It is merely putting out of one hand into the other.

*Washburn, for the defendant,* insisted, 1. That Mrs. Russell was a competent witness to prove the facts by her testified to. The estate of Gideon G. Russell, her late husband, had proved to be insolvent, and had been entirely settled, previous to her giving her testimony; and, therefore, the rights of the said Gideon G. Russell, or of his administratrix, or heirs, could not come in question in this or any other suit in relation to the payment of the said money by the said Baldwin to the said Gideon G. Russell.—11 Mass. Rep. 286, *Fitch* vs. *Hill and another.* 2 Stark. Ev. 709, and the cases there referred to. 1 Strange's Rep. 504.

2. That the letter, as testified to by Mrs. Russell, did expressly authorize Gideon G. Russell to collect the money of said Baldwin; and, therefore, the said Baldwin was fully warranted in paying over the money to the said Gideon G. Russell.

3. That search for the said letter was properly made among the papers of the said Gideon G. Russell, and not among the papers of said Baldwin; for the witness testified, that she saw the said letter in her husband's hat in the summer of 1830, and that he carried it there some time. Therefore, and as the letter was a family letter, there can be no probability that it ever went into the possession of said Baldwin; the letter having been received by said Russell in March, 1830, and the said money paid over by said Baldwin to said Russell the fifth of April, 1830.

The opinion of the court was delivered by

ROYCE, J.—It is contended that proof of the contents of the plaintiff's letter to Russell ought not to have been admitted, without a previous search for the letter amongst the papers of the defendant. But it being described as a family letter, and having

WINDSOR,
*February,*
1835.

Williams
*vs.*
Baldwin.

WINDSOR,
February,
1835.

Williams
vs.
Baldwin.

been seen in Russell's possession long after the payment to him by the defendant, there is no ground to suppose it ever left in the defendant's hands.

And we think it contained a sufficient authority to Russell to receive payment of the note as agent of the plaintiff. It was not a call for payment made by the plaintiff as a creditor, on Russell as a debtor, but was an express authority to obtain the money of the defendant for the plaintiff. There was, indeed, a further request, that the money should be transmitted to the plaintiff; but this direction was not addressed to the defendant, nor should he be holden to see it complied with. The fact that Russell had signed the note with the defendant as a surety is not at all inconsistent with this construction. As between the two it was the sole debt of the defendant, and it was clearly competent for the plaintiff to treat with Russell as an agent or debtor, at her election.

A more important question concerns the competency of the witness by whom the reception of the letter by Russell, and its contents, were proved. At the time to which her testimony referred she was the wife of Russell, a co-signer with the defendant of the note in question. It was very properly conceded by the plaintiff's counsel, that she had no pecuniary interest to be affected; but it was urged that she ought to have been excluded under the rule of evidence which prohibits husband and wife from testifying against each other, and which prevails to a certain extent after the marriage relation has been terminated by divorce, or by the death of one party. This rule is too important to the peace and confidence of married life to be disturbed, but we think it was not applicable in the present instance. The witness was not called to disclose communications made by her late husband, but to state independent and distinct facts; the possession by him of the plaintiff's letter, and the contents of that letter, as ascertained from inspection by the witness herself.

There is another ground on which the witness would seem to be clearly admissible. According to the law of evidence in England, at least since the act of 46 Geo. III. ch. 37, the husband, in his life-time, if not made a party, might have been called and compelled to testify in support of this defence; as his testimony would have only tended to charge himself with a pecuniary demand or civil liability. And the same rule was, in effect, laid down by the present Chief Justice, in deciding the case of *Warner* vs. *M'Garey*, 4 Vt. Rep. 507. That the wife is equally competent under like circumstances has been repeatedly determined. And if this

witness would have been received during the life of her husband, to prove the facts in question, she was certainly admissible afterwards, though her testimony should have tended to charge his estate with this demand.    But we have no occasion at present to go this length.    The rule of exclusion on which the plaintiff relies is mainly a rule of policy, and has never to my recollection been applied, except in cases to which the husband or wife was a party, or where the estate of either was to be directly affected.    But when the question arises collaterally, as in suits between third persons, it then becomes solely a question of interest.    And whether Russell had, or had not, such an interest during his life as would have shielded him, and consequently his wife, from disclosing facts which might charge him in another suit, it is obvious that no such interest existed when the widow was called to testify.    The estate of Russell was insolvent, and had been settled previous to the trial. There was therefore no subsisting interest of her husband or his estate, which on any ground could operate to exclude the witness. The decision of the county court admitting this witness, and on the effect of the testimony, is affirmed.