## COUNTY OF ORANGE.

### MARCH TERM, 1849.

[Continued from Vol. 21. page 455.]

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. LUKE P. POLAND, }

---

## John White *v.* Moses Morton.

Declarations made by the owner of a farm in the presence of the occupant of the farm, and during his occupancy, and assented to by the occupant, at the time, as to the terms upon which the occupant is managing the farm, may be proved by the occupant, in a suit in his favor against an attaching officer, for taking the products of the farm as the property of the owner, for the purpose of showing, that the occupant, by the contract between him and the owner, was entitled to an undivided half of the produce of the farm.

Declarations of the owner of a farm, while the farm is in the occupancy of another person, with whom the owner labors in carrying on the farm, made in connection with some act of the owner, in carrying on the farm, may be proved by the occupant of the farm, in a suit between him and another person, for the purpose of proving the contract, under which the farm was occupied.

One tenant in common of personal property may sustain trover against an officer for his undivided moiety of the property, when the officer has sold the whole property upon execution against the co-tenant.

TROVER for a quantity of straw, hay and grain. Plea, the general issue, with notice of special matter of defence, and trial by jury, December Term, 1848,—REDFIELD, J., presiding.

On trial it appeared, that the defendant took the property in question, as belonging to David White, upon a writ in favor of Hutchins & Buchanan against David White, and sold it, in due form of law, upon the execution obtained in that suit. The plaintiff gave evidence tending to prove, that he took a farm of David White, in 1846, to cultivate and have half the produce, and that the property sued for was the produce of the farm that year, and that it was taken by the defendant before any division had been made. The plaintiff, to prove the contract with David White, under which he occupied the farm, offered to prove certain declarations made by David White in 1846, it appearing, that David White labored with the plaintiff in carrying on the farm; to which evidence the defendant objected, but it was admitted by the court; but the court instructed the jury, that any declaration, made by David White in the presence of the plaintiff, as to the plaintiff's cultivating the farm for one half of the produce, would amount to nothing, unless assented to by the plaintiff, and then only from that time, or unless made in connection with some act of David White in carrying on the farm,—and that, to this extent, the declarations were competent evidence. The defendant offered David White as a witness, to prove, that the plaintiff did not take the farm upon shares; but he was objected to by the plaintiff and excluded by the court. The defendant requested the court to charge the jury, that, if they found, that the property sued for was the common and undivided property of the plaintiff and David White, at the time of the attachment and sale on execution, the plaintiff could not recover for it in this form of action. But the court instructed the jury, that this action would lie for the plaintiff's undivided half of the crops, after sale on execution.

Verdict for plaintiff. Exceptions by defendant.

White *v.* Morton.

*A. Underwood* and *C. B. Leslie* for defendant.

*J. Potts* for plaintiff.

The opinion of the court was delivered by

ROYCE, Ch. J. This was trover for a quantity of straw, hay and grain, which the defendant, as deputy sheriff, attached and sold on process against one David White and as his property. The plaintiff claimed, that he was a joint owner of the property with David White, on the ground of having raised it upon the farm of David White, while he, plaintiff, carried on the farm upon shares, or at the halves, in the season of 1846. And to prove that he was so carrying on the farm, when these crops grew upon it, the plaintiff offered in evidence the declarations of David White, that such was the fact. From the statement in the bill of exceptions and the charge of the judge, we must understand the jury to have found, that these declarations were made in the season of 1846, in the presence of the plaintiff, and were assented to by him; or else, that they were made in that season, " in connection with some act of David White in carrying on the farm,"—it appearing, that he labored upon the farm with the plaintiff.

We consider, that this evidence was admissible, either as showing a mutual recognition by David White and the plaintiff of the terms on which the plaintiff was cultivating the farm,—or as proving declarations of David White properly constituting part of the *res gestæ.* We have no occasion to decide, whether a mere isolated admission of David White, during that period, would be admissible to affect the defendant, as a party claiming under him; for the ruling of the county court did not go to that extent. And for this reason, if for no other, the case is distinguishable from that of *Hines et al.* v. *Soule,* 14 Vt. 99, *Carpenter* v. *Hollister,* 13 Vt. 552, and *Warner* v. *McGary,* 4 Vt. 507. It was as admissions, merely, that the declarations offered in those cases were held not to be admissible. See, also, 1 Stark. Ev. 47, *et seq.; Pool* v. *Bridges,* 4 Pick. 378; *Boyden* v. *Moore,* 11 Pick. 362; *Elkins* v. *Hamilton,* 20 Vt. 627.

The other decisions at the trial,—as that David White was not an admissible witness for the defendant, and that trover would

lie for the plaintiff's undivided moiety of the crops, when the defendant had sold the whole upon the execution,—have not been questioned in the argument. It is sufficient to say, that both of these decisions are sustained by repeated determinations of this court.                                    Judgment affirmed.