JOSIAH WALKER, *Executor of Geo. W. Sanborn*, versus EZRA T. SANBORN.

In an action commenced by the executor of A. against B., the plaintiff called the widow of the former, to testify to an agreement made in her presence by A. and B., to the introduction of which testimony B. objected:—
*Held*, that as, the facts to which she was called to testify, did not come to her knowledge through any communication from her husband, but by her happening to be present at the time, she was a competent witness.

The law recognizes all confidential communications, and whatever has come to the knowledge of either husband or wife by means of the confidence which the marriage relation inspires, as sacred, and not to be divulged in testimony after death, by the survivor.

ON EXCEPTIONS, from the ruling of MAY, J.

THIS was an action upon a note given by defendant to said George W. in his lifetime.

The plaintiff read the note in evidence. The defendant proved that he, in the fall of 1855, sent to the said George W., two checks from Calais Bank on Globe Bank, Boston, one for two hundred dollars, and the other for one hundred dollars, and that the same were received by said George W. at Monroe.

The plaintiff offered Elizabeth F. Sanborn, the widow of the said George W., to prove that her husband and said defendant, in August, 1855, were together in her presence, and made an arrangement or agreement, whereby said checks were to be sent to her husband in payment of *other liabilities* than the note in suit.

The defendant's counsel objected to the competency of said widow to prove said fact, and the Court overruled the objection, and admitted her to testify, and she did testify, that she heard her husband and the defendant make such agreement.

The verdict was for the plaintiff, and the defendant excepted to the ruling of the Court in admitting said widow to prove said facts.

*N. H. Hubbard,* for plaintiff.

*N. Abbott,* for defendant.

The opinion of the Court was drawn up by

KENT, J.—The rule of the common law, by which a husband and wife were excluded from being witnesses for or against each other, was founded on two distinct grounds. The first ground was that they were one in the eye of the law, and in their legal rights and interests, and, therefore, they were both parties in fact, where only one was named in the record. The established rule, that a party to the record must be excluded as a witness, whether nominal or actually interested, would thus exclude a wife, where the husband was a party.

This ground of objection is now removed by c. 82, § 78,

which provides that no person shall be excluded by reason of his interest as a party.

But the second ground of exclusion is based upon principles of public policy. It has been deemed essential to preserve the peace of domestic life, and to prevent family broils, that the confidence existing between husband and wife should be protected, and that they should be restrained, (except in a few specified cases of necessity,) even if willing, from divulging, in a court of justice, what has been confided to them by the other party, or come to their knowledge during the existence of the relation. In short, they could not, for these reasons, be witnesses for or against each other.

Our statute does not reach and remove this ground of exception. It touches only the interests *as a party of record or otherwise.* The recent statute of 1859 authorizes the husband or wife to testify by consent of the other party in the marriage relation. But that statute does not apply to this case, as it was enacted subsequently to the trial, and also because the husband is not living to give consent.

The question remains, whether the widow of the person, whose executor brings this action, was rightly admitted to prove certain facts. The case, as presented, discloses the testimony objected to. It does not raise the general question as to the admissibility of the widow to testify as to *confidential* communications of the husband during life. There seems to be a distinction between the testimony of a wife and a widow, based on the different relations that exist. The fundamental reason for the rejection of the wife's testimony is the promotion of domestic harmony and the danger that it may be disturbed between husband and wife, if they are allowed to testify. This reason ceases on the death of one of the parties.

But there is another reason, which the law recognizes, and it arises from the intimate and confidential relations subsisting between the parties. It treats all confidential communications, and whatever has come to the knowledge of either by means of the confidence which the relation inspires,

as sacred, and not to be divulged in testimony even after death. It regards such disclosures and such facts as sacred, and like communications from client to counsel, which cannot be divulged but by express consent of the other party.

The exclusion, on this latter ground, rests not upon the nature of the evidence, but upon the source or mode in which the knowledge is obtained by the husband or wife. If obtained from any other sources, and not by reason of the existing relation, or from confidential communications, then this reason also ceases;—and, after the death of the husband, the wife may testify as to the knowledge of facts thus acquired. The test is to be applied to the manner of acquiring information, rather than to the nature of the facts disclosed by the witness. *Coffin* v. *Jones,* 13 Pick., 445; *Williams* v. *Baldwin,* 7 Verm., 506.

The fact testified to by the witness in this case is, that the defendant and her husband were together in her presence, and made an arrangement, or agreement, as to the disposition of certain checks; which agreement she stated in her testimony. This fact did not come to her knowledge through any communication by her husband to her, confidential or otherwise. It did not come to her knowledge by reason of her relation as a wife. She happened to be present, as any other person might have been, but the fact testified to was equally in the knowledge of the other party, who could contradict it if it was not true. We think it was rightly admitted on this ground.

It has in some cases been contended that a widow, if interested in the estate, and all other interested witnesses, are necessarily excluded when the suit is by or against an executor or administrator, by the provisions of the 83d § of c. 82. It is true that, by that section, the general provision for the admission of all persons, whether parties or otherwise interested, is not to be applied to any "*cases*" where either party is an executor or administrator.

If by the word "cases" we are to understand *suits* in court, then the language is broad enough to exclude all interested

witnesses in such suits, and to restore the old law of exclusion as to such witnesses. But when we look at the prior legislation, we are satisfied that a more limited construction of the term must be given, to carry out the intention of the Legislature.

The Legislature first passed an Act, in 1855, c. 181, by which no witness was to be excluded on the ground of *interest* in any case. In 1856, c. 266, the restriction on parties was removed, and both provisions were incorporated into the new Act, which has been transferred to the R. S. c. 82, § 78 to 84. The restriction in the 83d section was manifestly intended to restrict *parties* in testifying, and not witnesses otherwise interested. The purpose was to place parties on an equality; in case of the death of one of them, that the other should not have the benefit of his own testimony, when his opponent could not be heard. This intent is shown in the provision that a deposition of a deceased party may be used; and, if used, the other party may be a witness. The legislation on this subject had been progressive, and it was not the intention to retrace or retract the steps taken, so far as interested witnesses, not parties, were concerned.

The construction contended for would limit the first law of 1855, to cases where the record did not show that a personal representative was a party. What reason is there, why a person, who is not a party, should be excluded on the ground of pecuniary interest, when the action is brought or prosecuted after the death of one of the parties, that does not apply to his exclusion when parties are living? In this matter both parties are on an equality. The witness is not a party; and, under the law of 1855, would be admitted. His interest may be very small, indirect, and scarcely appreciable; and it could not have been the purpose, by this provision, to exclude him.

The construction we give to the word " cases," in the 83d section, is, that it does not mean suits or causes in court, but that the meaning is better expressed by the word *instances;* and the provision is to be limited to the case, or instance, where the plaintiff or defendant offers himself as a witness.

The exclusion does not embrace, in a general designation, all causes or suits, and all the witnesses in them where the record shows an executor or administrator as a party; but only reaches the case where, in such suits, one of the parties to the original cause of action is dead, and the other attempts to give what may be called *ex parte* testimony. This point was decided in the case of *Bent* v. *Goddard,* in Penobscot county, not reported. *Exceptions overruled, and*
*Judgment on the verdict.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.