John Worden *v.* Martin V. B. Powers.

*Declarations. Evidence.*

The declarations of a party in his own favor, made after the transaction in question was completed and the parties thereto separated, however short the time, are not admissible in evidence.

They are only admitted when concurrent with the act or transaction of the party, as a part thereof, and to characterize and explain it, when alone and unexplained it might be equivocal in its character.

Trespass for breaking into and crossing the plaintiff's premises,

and trampling down and destroying his herbage, &c. The case was referred to a referee who reported the facts substantially as set forth in the opinion of the court.

At the September Term, 1863, BARRETT, J., presiding, the court *pro forma* rendered judgment for the plaintiff, on the referee's report,—to which the defendant excepted.

*Charles N. Davenport,* for the defendant.

I. The referee erred in excluding the evidence offered. It was the declarations of the defendant accompanying the act of going from the place of meeting, and therefore admissible as part of the *res gestœ.* 1 Green Ev. § 108, *et seq.;* 2 Cowen & Hill's notes, 585, *et seq.; Ross* v. *Bank of Burlington,* 1 Aik. 43 ; *Holbrook et al.* v. *Murray et al.,* 20 Vt. 525 ; *State* v. *Howard,* 32 Vt. 380 ; *Eddy* v. *Davis,* 34 Vt. 209.

*Field & Tyler,* for the plaintiff.

When declarations, offered in evidence, are merely *narrative of a past occurrence,* they cannot be received as proof of the existence of such occurrence ; they must be cotemporaneous with the main fact. Green. Ev. 126, § 110 ; *Banfield* v. *Parker,* 36 N. H. 353. But declarations of a party, at another time, in his own favor, and in the absence of the adverse party, cannot be used in support of the claim of the party making them. *Bonie* v. *Stonestreet,* 6 Md. 418 ; *Ogden* v. *Peters,* 15 Barb. 560 ; *Woods* v. *Banks,* 14 N. H. 101 ; *State* v. *Davidson,* 30 Vt. 378 ; *Elkins* v. *Hamilton,* 20 Vt. 627 ; *Bank of Woodstock* v. *Clark,* 25 Vt. 308 ; Green. Ev., § 102 and notes. There are but few exceptions to the rule that, when a person is a competent witness to prove a fact, his declarations as to such fact are not admissible. *Ross* v. *Knight,* 4 N. H. 236 ; *Woodard* v. *Paine,* 15 Johns. 493 ; *Bacon* v. *Charlton,* 7 Cush. 581. And this case is not within any exception to the rule. Green. Ev., 148, § 108, and notes.

POLAND, Ch. J. The defendant claimed that he made a contract with the plaintiff by which the plaintiff gave him license to cross his land, and that he paid the plaintiff fifty cents therefor. The plaintiff denied making such contract or giving such license, and also denied meeting the defendant at the place where the defendant said the contract was made. The defendant introduced evidence tending

to prove that the parties did meet at the place where the defendant claimed they did. The defendant then offered to prove that soon after, he told two witnesses that he met the plaintiff, and what transpired between them. The report states that the defendant did not offer to prove what he said the transaction was. It seems to us that this statement pretty much neutralizes the offer, and that if the defendant did not offer to prove his own statement of the transaction between him and the plaintiff, he made no offer at all. But waiving all criticism as to this, was it admissible for the defendant to prove his own statement, as to the contract with the plaintiff, made soon after he claimed the contract was made? It seems clear to us that it was not, and that the referee properly rejected the evidence.

It was a mere narrative of a past transaction which was already complete and finished. The fact that it was *soon after* makes no difference. The declarations of a party in his own favor, are not admitted, on the ground that they are made while fresh in his memory, and so soon that he could not have forgotten: and that he probably has not had time to imagine or concoct a false account. They are only admitted when concurrent with an act or transaction of his, and as a part of the act or transaction itself, and to characterize and explain the act or transaction, which alone and unexplained, might be equivocal in its character.

If the act and the declaration are not concurrent, and the act is finished and past before the declaration is made, then it becomes a mere narrative of a past transaction and inadmissible, and the length of time that intervenes is not important. It is difficult to see how any declaration of the defendant, on the subject of this dispute between them, ever could be admissible unless made in the presence of the plaintiff. In its legal character it was wholly immaterial whether made half an hour, or half a day, or half a year afterwards. The interview between the parties, and the transaction between them was over and ended, and the parties separated, and when the defendant made the statement he offered to prove, he was not acting in any way under the contract he claimed he had made, or exercising any right he claimed thereby to have acquired. It was a clear case of naked narrative declaration. *Elkins* v. *Hamilton*, 20 Vt. 627, was a

much stronger case for the admission of the parties' declarations, but the court reversed the judgment below because they were admitted.

In *Ross* v. *Bank of Burlington*, the plaintiff's declarations which were admitted all accompanied some act of his in reference to the money, and were all made prior to the loss of his money by the burning of the boat, and when he could not possibly have anticipated any such event.

Judgment affirmed.