SYLVESTER DOWNER AND WIFE *v.* THE TOWN OF STRAFFORD.

*Evidence.   Res Gestæ.*

Mother and son were riding together upon a highway.   An accident happened whereby
the mother was thrown to the ground.   Immediately, as soon as witnesses could go
about six rods, and while the mother yet lay upon the ground, and the son was
holding the horse right near her, the son told what caused the accident.   *Held,* that
his declarations were mere hearsay, and not admissible as part of the *res gestæ.*

CASE for injury to the wife on a highway.   Plea, the general
issue, and trial by jury, December term, 1873, BARRETT, J., pre-
siding.

The plaintiffs gave evidence tending to prove, that on the 14th
of August, 1870, Mrs. Downer, the wife of the said Sylvester,
was, with her son George, passing over a bridge in the defendant
town, which the town was bound to keep in repair, and that owing
to the want of repair thereof, the horse, which George was

driving, stepped through a hole in the bridge, which frightened it, whereupon it sprang forward, when a loose plank hit it, and it became nearly unmanageable ; that just after passing the bridge, and within a few feet of it, in turning to take the road they intended to take, George found the wagon was tipping, and jumped out and saved it from tipping over ; but the seat and his mother came out upon the ground, whereby she was severely injured by the fracture of the neck of the thigh bone.

The plaintiffs' testimony tended further to show, that the horse was perfectly steady, and that George was driving carefully at the time, at a moderate trot, until he came to the bridge, when he slacked up, and walked onto the bridge, until the horse was frightened as above stated ; that the bridge was much out of repair, the planks on it being loose, without any fastenings, and had worked apart, and that there were holes in the bridge, and some of them covered with old loose plank.

The defendant gave evidence tending to prove, that the bridge was in a proper state of repair, and that there were no holes in it, or loose planks upon it ; that as George started from their house, a few rods from the bridge, his horse started on a trot, and struck into a run before getting to the bridge, and ran across the bridge, and as the horse was reined to take the road they intended to take, the accident occurred. The defendant introduced three witnesses who testified that they were at the scene of the accident very soon after it happened, and whilst Mrs. Downer lay upon the ground, and George and the horse and wagon were there, and that Mrs. Downer then said that the accident was owing to the old bridge, but that George replied, " No, mother, the line was twisted around the hame, and I couldn't stop the colt ;" that Mrs. Downer made the same remark three times, and George made the same reply. Defendant further gave evidence tending to prove, that said witnesses saw George and his mother when they started from their house, and watched them the whole time, until Mrs. Downer fell out ; that the horse was standing entirely still, and had turned across the road and nearly at right angles to it, when Mrs. Downer fell out ; that the near forward wheel of the wagon was thus turned under the body of the wagon, and

tipped the wagon up so that while the horse was thus standing still, George, who was driving, stepped out, and Mrs. Downer fell out after him ; that said witnesses came immediately to the spot, (about 6 rods distant), for the purpose of assisting Mrs. Downer, and that said conversation between Mrs. Downer and her son immediately took place, while she was lying on the ground where she had fallen from the wagon, and George standing beside the horse, holding it, right near his mother. This was the only conversation allowed to go to the jury as evidence in chief on this point. After this conversation, the witnesses assisted in helping Mrs. Downer up from the ground. The defendant's evidence further tended to show, that nothing happened which could frighten the horse, and that the horse was not frightened in any way, but that the off rein being caught, the horse started into a run, and when the driver pulled upon it, only one rein being free, the horse was turned to the left, and the accident happened.

There was no evidence that the line was in fact twisted around the hame, except said declarations of George, and the circumstances shown on trial. George testified that the line was not in fact twisted around the hame ; and Mrs. Downer and George testified that there was no such conversation as testified to by defendant's witnesses, and that neither of them made any such remark. The defendant also called four other witnesses, who testified that George had said at different times, that it was not the fault of the bridge, but that the rein being twisted around the hame, was what caused the accident. This evidence was only used as impeaching evidence. Mrs. Downer and George were witnesses on the part of the plaintiffs, and testified in chief before the defendant's witnesses testified, and were asked on cross-examination as to the conversation about the line being twisted around the hame, as testified to by the defendant's witnesses. The court charged the jury that what George said at the bridge, if proved, was evidence in chief to show how the fact was, and not merely evidence to contradict and impeach George as to the rein being twisted round the hame. To this portion of the charge the plaintiffs excepted. In all other respects, the charge was full and satisfactory. Verdict for the defendant.

The jury found specially, that the bridge and its approaches were insufficient and out of repair, but that the rein was wound around the hame, and that that contributed to the happening of the accident.

*J. Converse*, for the plaintiffs.

We insist that the testimony as to what George said at the bridge, was only evidence to impeach him with reference to what he had before sworn when called by the plaintiffs. It was *hearsay*. But will it be contended that this was admissible as part of the *res gestæ*, as well as impeaching? This we deny. It did not explain, illustrate, or qualify, and was no way a part of the transaction. 1 Phil. Ev. 185, C. & H.'s note, and 186; *Enos* v. *Tuttle*, 3 Conn. 250; Curt. Dig. 201, 202, pl. 1, 2, 3, 4, 5, 6; *Stein* v. *Bowman*, 13 Pet. 209; *Berkley Peerage Case*, 4 Camp. 401, 409. This cited with approbation in 1 Phil. Ev. 173, n. 78; *Commonwealth* v. *Elearte et al.* 3 S. & R. 9, 16, 19; 1 Greenl. Ev. §§ 102, 108, 109, 110, 124; *Rex.* v. *Foster*, 6 C. & P. 325; *Mima & Child* v. *Hepburn*, 7 Cranch, 290; *Davis* v. *Wood*, 1 Wheat. 6; Story Agency, § 135.

*D. C. Denison & Son* and *J. J. Wilson*, for the defendant.

The declarations of the driver at the time of the accident were a part of the *res gestæ*. *Curtis* v. *Ingham*, 2 Vt. 287; 1 Greenl. Ev. 131; Story Agency, (2d ed.) 127, 138; Stark. Ev. 50, 52. The declarations of an agent, when made in connection with his acts which become controverted matters in issue upon trial of a case, may be proven as part of the *res gestæ*. *Elkins* v. *Hamilton et als.* 20 Vt. 627. The declarations or admissions of a servant or agent acting at the time in the scope of his employment, are evidence against the principal. *Garth* v. *Howard et al.* 8 Bing. 451; s. c. 5 C. & P. 346, and 1 Moore & S. 628; *Regina* v. *Hall*, 8 C. & P. 358; *Schumack* v. *Lock*, 10 J. B. Moore, 39; *Burlington* v. *Calais*, 1 Vt. 385; *Tillotson* v. *McCrillis*, 11 Vt. 477; *Underwood* v. *Hart*, 23 Vt. 120; *Mason* v. *Gray*, 36 Vt. 308, 313; 1 Swift Dig. 787.

The opinion of the court was delivered by

WHEELER, J.   This evidence as to what George said about the cause of the accident, was not a part of any transaction that was at all material to the case.   He was holding the horse and talking, but was not talking about what he was then doing.   He was talking about what had previously taken place, although but recently.   His statement was a narrative of a past transaction, and not a material part of a present one.   Such statements are not admissible because they are made about matters so recent that the witness cannot have forgotten, nor have had time to concoct the statement, but only because they are material parts of a transaction then going on, or would qualify or modify something then being done.   *Eddy* v. *Davis,* 34 Vt. 209 ;   *Worden* v. *Powers,* 37 Vt. 619.   As the case stood, this saying, although very near in point of time to the main transaction, was after it, and was merely hearsay, and not evidence that the fact was as he said it was.   *Luby & wife* v. *Hudson R. R. Co.* 17 N. Y. 131.

Judgment reversed, and cause remanded.