Judge Coaltee.*
This is an action of Trespass, instituted by James Long, against Isaac Hite, in the Superior Court of Law for Frederick County, on the 31st July, 1818.
The first Declaration filed in the cause (at October Rules, 1S18,) is for this: that the said Hite, wjth force and arms, stopped, in the highway, a waggon and team belonging to the Plaintiff, and then in his possession, and took there-from one of the horses belonging to the team of the Plaintifl, in possession of the Plaintiff, and the property of the Plaintiff, of the value of $>200, and converted him to his own use, and other wrongs, &c. to the Plaintiff did, agamst the peace of the Commonwealth.
At May Term, 1819, the office Judgment was set aside, and the *458 Defendant pleaded not guilty, and issue was taken thereon, and leave was given him to file additional pleas, and the cause was continued.
The Record then proceeds to state, that the Defendant filed the following pleas, to wit: First, that the horse in the Declaration alleged to have been taken from the team of the Plaintiff, was the property of the Defendant, wherefore he took him peaceably, and without. force from the said team, which is the same trespass in the Declaration supposed, and traverses that he committed any other trespass, or used any force in talcing the horse. Secondly, that on the day, &c., a waggoner, whose name then toas, and yet is unknown to the Defendant, was then and there driving the supposed waggon of the Plaintiff, and had the horse in the Declaration mentioned, of the property of the Defendant, without his consent, and against his will, geared and harnessed to the waggon, and driving him therein, whereupon the Defendant demanded the horse, he the Defendant having the right of property, and the right of possession, which was refused, and the waggoner forcibly and with great speed, drove the said waggon, in order to prevent the Defendant from re-talcing the said horse, and to prevent his being carried off, and to re-gain his horse, the Defendant gently laid his hands upon the horses m the waggon, ,and peaceably took the said horse, being his own property, &c.
Then follows this plea: And the said Defendant, to the original Declaration i.n this cause, and for plea since the last eoniinuthat to wit, on the 31st 1818, the Plaintiff sued out his Capias in Trover for a certain horse, against the Defendant i« the Superior Court, &c., wherein it was so proceeded, that at the last Term, &c., there was a Judgment for the Defendant, and that the horse in the said action of Trover claimed, and the horse in the said original Declaration, are one and the same, and not different, &c. To this plea the Plaintiff demurred, alleging for cause, that the action of Trover was different from the subject matter of this suit: there the Plaintiff sought to recover the value of the horse; in this suit he seeks to recover damages for a trespass.
All this seems to have been done at the May Term, IS19. The other pleas (except that of not guilty,) seem to have stood without issue, either in fact, or law, being taken on them.
At May Term, 1820, the cause came on, upon the demurrer to the Plea, and Judgment on it was given for the Plaintiff. Whereupon, the Plaintiff moved the Court for leave to amend his Declaration, by adding a new count. This was objected to by the Defendant, because if the Declaration was defective, Judgment on the dc *459 inurrcr ought to he against the Plaintiff, and if not defective, leave ÍÓ amend ought not to be given, as he had no right to make out a new case: also, because the Defendant did not ask leave to amend his plea, and because a Judgment stood against him on one plea, and there was an issue made up on another plea to the Declaration in its original form. But the Court permitted the Plaintiff to amend, because the amendment sought by the Plaintiff was not to make out a ■ new case; not because the present Declaration was defective in point of Law, but because the Plaintiff wished to state the same cause of action more fully, distinctly, and at large, to enable the Jury more clearly, and correctly to understand the nature of the injury complained of. The amended Declaration was then filed.
It is a complete Declaration, though possibly is only to be considered a second count to the first Declaration, as neither that Declaration, nor the pleadings thereon, were withdrawn. This Count, or Declaration, charges that the Defendant, with force and arms, seized, and took from the waggon of the Plaintiff, a horse,, then and there in possession of the Plaintiff, of great value, say $300, and converted and disposed of him to his own use, and also for this, that the Defendant, with force and arms, &c., and aided by a troo-p of his negroes, &c., whilst the Plaintiff’s waggon and team were peaceably travelling on the highway, &c-, did forcibly take from the team of the Plaintiff, a bay horse, then and there in the use and possession of the Plaintiff, and employed in drawing his waggon, &c., whereby the ivaggon and team of the Plaintiff were detained in. the public highway, and interrupted in the prosecution of their trip, &c., and the Plaintiff subjected to great trouble and expense, and loss.
At October Term, 1830, the cause was continued; at May Term, 1821, it appearing to the Court that the amended Declaration was filed before the last Term, and the Defendant not having entered any plea, it was ordered, that he plead on or before the tenth day of the Term. During this Term, the following proceedings were bad. On motion of the Defendant, he has leave to withdraw his plea of not guilty, and by permission of 'the Court, filed a special plea, which is said to be in the words following: That on the day when the alleged trespass is supposed to have been committed, and for a long time before and after, the said horse in the Declaration set forth to have been taken by the Defendant, was, and continued to be the property of the Defendant, and was then, at &c., in the possession of a certain waggoner, whose name was, and yet is unknown to the-Defendant, who bad before that time, without the consent, and against the will of the Defendant, and against right, obtained and *460 held the possession of the said horse, and refused to deliver him i& •the Defendant, though he lawfully and peaceably demanded him; anti then and there violently drove the said waggon and horses, of purpose to eloign the said horse, wherefore the Defendant, of purpose to re-gain possession, then and there did lay his hands upon the horses in the said then and.there being in possession of said waggoner, and did taire him out of the said waggon, as he might lawfully do, &c., which is the same trespass, &e., without that, that he had no farther, or other force than was necessary to regain the possession of his property aforesaid, wherefore he prays Judgment, &e., without that, that the Plaintiff was in possession of said waggon, or said horse, or that the Defendant used force, as in the said count is supposed.
And for further plea, he says nearly as last above,- except after alleging the horse to be his property, and in possession of the wag-goner who was driving the team, he says, (the said Plaintiff then and there not being present,) and when he alleges that the horse was the property of the Defendant, he says, (and not the property of the' said Plaintiff,) and so going on as in the other plea, and concludes, that in order to regain his said horse, he did lay his hands upon the horses in said waggon, without using any other or. further force than* was necessary, &c.
The Defendant also demurred to the -Plaintiff’s. Declaration, for' that it is double, and wants form.
The Plaintiff demurred to the first plea: 1. Because .the matter therein stated, if true, is no justification of the trespass: 2. Beeaus© it might be given in evidence under the general issue, in mitigatixm of damages: 3. Because it is double, relying on the right of property, and the use only of such means as were necessary to recover possession. He also demurred to the second plea, for the same reasons.
The Plaintiff joined in the demurrer to the Declaration, but nojoinders are stated in demurrer to the pleas.
At October Term, 1821, the Court overruled the demurrer to tires-Declaration, and sustained the demurrers to- the pleas. The Defendant then pleaded not guilty, and the cause was'continued.
At October Term, 1824, a Jury was sworn, well and truly t'a enquire of damages, who assessed damages to $500, but a motion being made for a new trial, the Plaintiff released one half of that sum, and Judgmeut was rendered for $250. -
There was a Bill of ‘Exceptions to two opinions of the Court, but which 1 consider unnecessary to notice, as-it seems to me the case-must be decided on other grounds; but, were-it necessary, as at pres-sent advised, 1 think they were both erroneous.
*462 The Judgment in the Action of Trover, decided the question as to the right of property in the horse, which was the main subject of' controversy; but the Plaintiff seems to be of opinion, in which he was sustained by the. Court, that although he brought his action of Trover to recover the value of the horse taken away, that he had a right also to bring Trespass to recover damages, as well for any violence, or breách of the peace, in taking that horse, as for the trespass in stopping the Plaintiff’s team, in order to take him. These questions were decided on the demurrer first filed, and therefore the first question is, what Judgment ought to have been given on that demurrer?
The Declaration in this case, first filed, as above stated, covered the whole ground of complaint. Under it, the Plaintiff could re'cover as well the value of the horse taken away, as the damages sustained by stopping his team, &c. He elected though, also, to bring Trover, and the question is, whether that was not in Law a waiver of the whole trespass, as well that alleged to be committed in taking the horse, as in stopping the team, all being one act? A party is not precluded from bringing Trover, or Detinue, because the taking was violent. He may waive the trespass, and admit, as these actions do, that the property came lawfully into the possession of the Defendant, and this the Defendant cannot deny or traverse, so as to defeat the action, by showing that he took tortious possession. As to the horse taken away, I cannot perceive how the Plaintiff is la waive this trespass, so as to recover the value in Trover, and maintain another action for the trespass so waived. If he can, the Defendant ought to be at liberty to plead, that he took it tortiously, in order that he may not be vexed by two suits for' the same thing. It is laid down in 20 Vin. Abr. 540, tit. Trespass, and the cases there referred to, that the pendency of an action of Detinue, or Replevin, for the same property, is a good plea to an action of Trespass. This would close the question, it seems to me, so far as to the trespass in taking away the horse, but, he also Stopped the team of the Plaintiff, of which this horse was one. It is all one act, though, and one cause of action. The party can go for the whole in Trespass, or he may elect to sue in Trover, or Detinue. I do not see how he can sever one cause of action, and carve two suits out of it. In his amended Declaration, he seeks to present this question more plainly and distinctly, by dropping his claim to property in the horse; but still goes for the violence and force in taking him, as well as for the trespass in stopping the team. Had the original Declaration been filed in this form, it would perhaps have shown a disclaimer of any property in the horse sued for in Troyer; and there' *463 fore, I presume it was, that the Declaration retained its original form, until after that suit was decided. This, it seems to me, is a pretty apt commentary on this effort to split one cause of action into two: but, if the Declaration had been originally so filed, claiming merely to recover damages for a trespass supposed not to be waived by the other action, it seems to me that the plea would have been equally good. If it would not, it must be because the new count presented a different cause of action, and to which the former pleadings would be no answer, which would be contrary to the leave asked.
If the Plaintiff, instead of having Judgment entered on his demurrer, had moved to withdraw it, and to amend Ms Declaration, or to wilhdrawthat Declaration and file a new one, and had filed'the one now in the Record, the Defendant could have pleaded the action of Trover, and the other matters specially pleaded by him, and then there could have been no doubt, but that all these matters, if proper in defence, would have availed him. The Plaintiff not having done this, (concerning the regularity of which I give'no opinion,) but leaving the Judgment of the Court on the first demurrer to stand in force against the Defendant, we are necessarily to en-quire, whether that Judgment was correct, or not. Thinking it was not, we must then do what that Court ought to have done, and no doubt would have done, (unless there had been a motion to withdraw the demurrer on the part of the Plaintiff,) that is, we must enter Judgment for the Defendant. But, if in this I am wrong, and if the case must be considered as standing on the new Declaration, and the pleadings to it, still I think Judgment must be given for the Defendant.
The first, count in that Declaration, is for a trespass in taking, a horse, not claimed in the Declaration to be the properly of (he Plaimtiff. This is bad on the demurrer filed. 6 Bac. Abr. 600, tit. Trespass, I.
The second is trespass in stopping his team, and taking this horse,. not' claimed as the Plaintiff’s property, from it, there being no dispute about the residue of the team, but that it belonged to the Plaintiff. The Defendant justifies by averring this horse to be his properly; that he was geared in the team with the Plaintiff’s horses, and that the waggoner, the Plaintiff not being present, endeavoured to carry him off by violently driving the team, &c.; and that he stopped (he (earn, in order to re-take his horse, using no more force (ban was necessary for this purpose. If he was justifiable in thus stopping the team for this purpose, (Bac. Abr. tit. Trespass, I.) as, Í think he was, it was a proper matter for a plea; and the matter *464 go pleaded being confessed by the demurrer, Judgment must be for the Defendant.
The Judgment is therefore erroneous, and must be reversed, and entered for the Appellant, and that the Appellee take nothing by his Bill, &c.
Judges Carr, Cabell, and the President, concurring, the Judgment was reversed.

 Absent, Judge Gbees.