## COUNTY OF WINDSOR.

#### FEBRUARY TERM, 1844.

[Continued from Vol. 16, page 700.]

---

##### PRESENT.

Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE, }
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.
Hon. WILLIAM HEBARD, }

---

## LANDRUS WATERMAN *v.* DAVID HALL AND RICHARD LUTHER.

When, after an amendment has been permitted in the county court, the action has progressed to trial and judgment, it must appear beyond a doubt that the amendment was permitted contrary to law, to justify the supreme court in setting aside the subsequent proceedings for that cause.

In regard to injuries to the person, or to personal property, where the injury is directly inflicted by a forcible act, as where a blow is given to a person, or an act of violence is committed upon his breast, or other property, causing injury, the party aggrieved has generally no choice of actions and trespass is his only remedy; but if he have sustained a forcible injury, effected by means flowing from the act of the defendant, but not operating by the very force and impulse of that act, he may sustain either trespass or case.

Waterman *v.* Hall et al.

If the ultimate injury consists neither in the act of the defendant, nor in the continued physical impulse of that act, the plaintiff *may*, as he more frequently *must*, proceed in case.

In this case the injury alleged consisted in driving the plaintiff's beast upon a fence, whereby its death was caused, and it was held that either trespass, or case, would lie.

THIS action came into the county court by appeal. The original declaration, used before the justice of the peace who tried the case, was in these words; "In a plea of the case, For that whereas, on 'the sixth day of September, A. D. 1840, at Norwich, the said 'Landrus Waterman, plaintiff, was possessed of a certain bay mare, 'of the value of one hundred dollars, of the proper goods of him, 'the said Waterman, whereby he received benefit and profit; yet 'the said David Hall and Richard Luther, defendants, not ignorant 'of the premises, but maliciously intending and contriving to injure 'said Waterman, plaintiff, in this particular, then and there set 'upon said mare with stones and clubs, and chased and frightened 'the said mare, and drove the said mare upon a certain log fence, 'whereby the said mare was so wounded and injured, that her 'bowels were torn out, and of which wounds the said mare then 'and there died; by means whereof the said Waterman lost the 'benefit and profit of the said mare, and was thereby much injured."

At the second term after the action was entered in the county court, the plaintiff, on motion, was allowed to amend his declaration in these words; "And now the said Waterman comes into court, and, 'by leave of court, files his new declaration; whereupon he declares 'in a plea of the case, for that heretofore, to wit, on the sixth day 'of September, 1840, at Norwich, in said county of Windsor, the 'plaintiff was possessed of a certain bay mare, as of his own proper- 'ty, of the value of one hundred dollars; which said mare had then 'strayed into the field of the said defendant Hall, and then and 'there the defendants, in driving said mare out of said field, drove 'the said mare upon a certain log fence; whereby the said mare 'was so wounded and injured that her bowels were torn out, of 'which wound the said mare then and there died; by means where-

Waterman *v.* Hall et al.

' of the said plaintiff lost the use and benefit of said mare, and was ' thereby greatly injured."

To the decision of the court, in allowing this amendment, the defendants excepted. The jury returned a verdict for the plaintiff.

*Tracy & Converse* for defendants.

Had the court below authority to allow the plaintiff to substitute one declaration for the other ? If, by such substitution the nature or form of action was changed, clearly they had no such power. *Carpenter* v. *Gookin*, 2 Vt. 495. That such was the effect, we think very apparent.

The new declaration is undeniably *case.* The original declaration is *trespass;* it wants nothing but the words *vi et armis*, and *contra pacem*, to make it in form, as well as in substance, trespass. These expressions are mere matter of form, not traversable, and their omission can only be taken advantage of by special demurrer. 1 Ch. Pl. 376. 1 Saund. R. 82, note (1.) *Higgins* v. *Haywood*, 5 Vt. 73.

The only criterion, by which to determine the character of this declaration, is to inquire whether the act complained of was done with force, expressed, or implied, and the injury immediate, or consequential. Testing it by this rule, it is clearly trespass. No excuse is given in the declaration for the intermeddling with the mare at all. The legitimate inference, then, is, that the defendants, *"maliciously contriving and intending to injure the plaintiff,"* went into the plaintiff's field, and there destroyed the mare in the manner named. The act complained of is clearly represented as *forcible,* and the injury *direct* and *immediate.*

*O. P. Chandler* for plaintiff.

Both the original declaration and the amendment were in form *case;* unless, therefore, originally the *gravamen* of the declaration was necessarily in trespass, the amendment was proper. Though there be some expressions in the declaration inconsistent with the action, yet if the main scope and gravamen of the complaint is consistent with it, the other may be rejected by amendment.

Waterman *v.* Hall et al.

It is not *necessarily* implied by the declaration that the defendants struck, or hit, the mare with the stones and clubs; but if it were so, this not being the principal cause of complaint, such expressions may be rejected by amendment. The act is not alleged to have been done wilfully, or *vi et armis,* but *title* to property is set forth, *wrongful* injury, and *consequential* damage. The principal cause of complaint, from a fair construction of the whole declaration, is the chasing and frightening the mare, and driving her on to the fence; the injury was *directly* occasioned by the act of the mare herself, in jumping upon the fence, though this act was *consequent* upon the act of the defendants. 1 Ch. Pl. 127. *Turner v. Hawkins,* 1 B. & P. 476.

Again, when the injury complained of is occasioned by a direct application of force in a careless manner, either action will lie; the plaintiff may waive the force and declare in case. If, therefore, the general tenor of the declaration is not inconsistent with the intendment that the injury was occasioned by negligence, inasmuch as the plaintiff has brought case, it being a justice declaration, that intendment should be adopted. If so, it would be considered a proper action on the case, and the amendment, as it does not essentially vary the nature of the complaint, or change the *form* of action, was properly allowed. Oliver's Prec. 290. *Blin v. Campbell,* 18 Johns. 432. *McAllister* v. *Hammond,* 6 Cow. 342. *Hayward* v. *Bank of England,* 2 Burr. 1114. *Pit* v. *Gaince,* 1 Salk. 10.

The opinion of the court was delivered by

Royce, J. As the action progressed to a final trial and judgment after the amendment took place, it must appear beyond doubt that the amendment was permitted contrary to law, before we can be justified in vacating those subsequent proceedings for that cause.

We have to determine whether the original declaration must necessarily be regarded as a declaration in trespass, and not in trespass on the case. That the party intended to declare in case, and not in trespass, is sufficiently evident. He not only entitled his declaration " a plea of the case," but he commenced it by way of recital, (with a *quod cum,* as formerly styled,) which is admitted to be a decisive mark of distinction between the two forms of declaring.

Ham. N. P. 10. He was also careful to allege a malicious motive in the defendants, which is not according to precedent in trespass, as the motive is not often essential to the right of action in that form. He did not insert the words—*with force and arms,* or *against the peace;* and although it be conceded that these have become but formal expressions, it is presumed they are never purposely omitted in a declaration designed to count in trespass. It is contended, however, that a forcible act of the defendants was alleged, and that the injury was immediate; and if this is the only admissible construction, it must follow that the declaration was substantially in trespass.

There is no doubt that the act of the defendants, as set forth, may properly be deemed a forcible act, and the question is, whether the injury must be referred to that act as its proximate and immediate cause. It is to be noticed that the injury complained of was not inflicted by the clubs or stones employed by the defendants, or directly by any act of force by them committed; so that, in effect, they were only charged with having by acts of force frightened and chased the mare, whereby she was induced to jump upon the fence to make her escape. Now in regard, at least, to injuries to the person and to personal property, I think the following rule may be sustained :—That where the injury is directly inflicted by a forcible act, as where a blow is given to a person, or an act of violence committed upon his beast, or other property, causing injury, the party aggrieved has generally no choice of actions, and trespass is his only remedy ; but that the necessity of sueing in trespass extends no farther, though the injury may have followed the forcible act without the intervention of any voluntary and responsible agency. In the latter case the party frequently has, as I consider, an election between the actions of trespass and case. I allude to the instance where he has sustained a forcible injury, effected by means flowing from the act of the defendant, but not operating by the very force and impulse of that act. He may then sue in trespass, constructively treating those means as attached to, and forming part of, the defendants, act, and thus bringing that act into immediate connexion with the injury; or, waiving all artificial views of the matter, he may adopt the other form of action, and treat the

injury as consequential. Such a case, as well as that where the ultimate injury is not forcible, presents what are sometimes denominated the *causa causans* and the *causa causata;* as in the *Earl of Shrewsbury's Case,* 9 Co. 50. And whenever the latter cause (forming the point of the action as it usually does) consists neither in the act of the defendant, nor in the continued physical impulse of that act, I think the plaintiff *may,* as he more frequently *must,* proceed in case. Hence it has always appeared to me, that, though trespass was properly adjudged to lie in the celebrated case of the lighted squib, (*Scott* v. *Shepherd,* 3 Wils. 403) case would have been equally an appropriate remedy. The original declaration in this case appears to exhibit the two causes mentioned, in the act of the defendants with their clubs and stones, and in the consequent fright of the mare impelling her upon the fence. And the latter obviously formed the point of the action. I am therefore led to conclude, that the plaintiff was at liberty, upon the facts as stated, to declare in trespass on the case, and that his declaration was framed in that action. It follows that the amendment, as it neither varied the cause, nor changed the form, of action, was within the ordinary discretion and power of the county court, and is not the subject of revision here upon a bill of exceptions.

Judgment affirmed.