WILLIAM J. RANDALL & CO. *vs.* ALBERT C. JOHNSON, Deputy Sheriff.

The interest of a copartner in the partnership property may in Rhode Island be attached by an individual creditor of such copartner.

In such a case the sheriff may seize a chattel and deliver it to the purchaser of the interest attached, who becomes a tenant in common of such chattel with the other partners, but subject to the partnership debts and equities.

TRESPASS. On demurrer to plea. The facts of the case are stated in the opinion of the court.

*Edward D. Bassett,* in support of the demurrer.

I. Although the interest of an individual partner in the assets of the copartnership after payment of the copartnership debts is liable for such partner's individual debts, still this liability does not authorize the creditors of an individual partner to assume the custody and control of copartnership goods and chattels, much less to dispose of the same, because

*a.* By so doing the rights of all copartners are violated.

One partner cannot have the custody and control of the assets of the partnership to the exclusion of his copartners; nor can the individual creditors of such partner acquire any greater rights than he himself possesses; therefore neither creditors of such partner, nor any one acting for them, could have the custody and control of such assets to the exclusion of copartners. *Garvin* v. *Paul,* 47 N. H. 158; *In re P. S. Smith,* 16 Johns. 102; *Hutchinson* v. *Dubois,* 11 Reporter, 227. All cases holding the contrary view entirely ignore the rights of solvent partners; especially is this true where the custody and control is claimed on original writ. *Haynes* v. *Knowles,* 36 Mich. 407.

*b.* The rights of the creditors of the firm would be invaded.

II. But the plea is also bad as showing that the officer having exceeded his duty is a trespasser *ab initio.*

All that the sheriff can sell is the interest of the partner in the whole or some portion of the firm's assets, not the specific goods and chattels. *Ryder* v. *Gilbert,* 23 N. Y. Supreme Ct. 163; *Smith* v. *Emerson,* 43 Penn. St. 456; *Fogg* v. *Lowry,* 68 Me. 78; Collyer on Partnership, 6th ed. 197, note. If he does sell the

specific goods and chattels he is liable in this form of action. *Berry* v. *Kelly*, 4 Robertson, 106; *Walsh* v. *Adams*, 3 Denio, 125.

*Dexter B. Potter, contra.*

I. The defendant claims that he had the right to attach the said William J. Randall's interest in, and take possession of, the property as set forth in his said plea to which the demurrer has been interposed, and that in so doing he is not liable in trespass. *Reed et al.* v. *Shepardson*, 2 Vt. 120; *Schatzill* v. *Bolton*, 2 McCord, 478; *Douglas* v. *Winslow*, 20 Me. 89; *Goll* v. *Hinton*, 8 Abb. Pr. 120; *Pierce* v. *Jackson*, 6 Mass. 242; *Wallace* v. *Patterson*, 2 Harris & McHenry, 463; *Russ, Adm'r* v. *Fay*, 29 Vt. 381; *Knox* v. *Summers*, 4 Yeates, 477; *Allen* v. *Wells*, 22 Pick. 450–453.

II. In this case, however, whether there is a right of attachment or not, the plaintiff, William J. Randall, must be estopped because of the judgment of the court ordering the sale of the property after due notice to him had been given, he having interposed no objection, and all the proceedings having been had under the statute.

By making no objection to the order of sale, and, especially, by being present at the sale and buying, he waived his rights, whatever they may have been.

*June* 24, 1881. POTTER, J. William J. Randall and Lydia Randall, copartners by the style of William J. Randall & Company, sue Johnson, the defendant, in trespass *vi et armis* for breaking and entering the plaintiffs' store and attaching certain personal property which they claim as the property of said firm. Johnson, the defendant, pleads that J. F. Comstock & Company sued out a writ of attachment against said William J. Randall, and that he, Johnson, being a deputy sheriff, attached said property on the said writ as the property of said William, and said property was afterwards sold at public sale by order of one of the judges of this court according to the provisions of the statute, and that the said William was notified thereof as by law provided, and was himself the highest bidder for and purchaser of a portion of them. The plaintiffs demur.

The plaintiffs, William J. Randall & Company, contend that

being partnership property, it could not be attached as the property of one of the partners, and that therefore the plea, if true, alleges no valid defence.

The weight of authority seems to be most decidedly in favor of the right of a creditor of one partner to attach that partner's right in the goods, chattels, and tangible property of the firm for his private debt due from such partner. Story on Partnership, §§ 262, 311 ; 3 Kent Comment. *65, and note *b* ; Collyer on Partnership, 4th Amer. ed. § 822, and note, page 738. In the note to the latter work, as also in Kent, the cases are well stated. The attaching creditor can only take the interest of the partner, *i. e.* subject to the settlement of the partnership affairs, and although the sheriff may and must seize the chattel, he can sell only the partner's right in it as above.

The difficulties likely to arise in such attachment are stated in many of the cases. But, on the other hand, if the law were otherwise, a debtor might prevent attachment of his property for a debt due from himself by putting it into a partnership.

In the case of *Phillips* v. *Cook*, 24 Wend. 389, the subject was considered by Judge Cowen, who delivered the opinion of the court, and the cases reviewed at great length. It was there held that the sheriff might seize the whole of the particular article and sell the interest of the debtor in it, and deliver it to the purchaser, who then became a tenant in common with the other partner and took subject to a settlement of partnership accounts and to the equitable claims of the creditors of the firm, and this, we think, is in accordance with the other decisions on the subject. See also opinion of Nelson, C. J., in *Birdseye* v. *Ray*, 4 Hill N. Y. 158, 161 ; and as to the disposal of the purchase money and the remedy of the other partner, see *Phillips* v. *Cook*, 24 Wend. 389, and *Doner* v. *Stauffer*, 1 Pa. 198.

Although, if the officer sells the whole, it will be as to the *co-tenant* a conversion. *Ladd* v. *Hill*, 4 Vt. 164 ; *White* v. *Morton*, 22 Vt. 15 ; *Bradley* v. *Arnold*, 16 Vt. 382 ; *Walker* v. *Fitts*, 24 Pick. 191 ; *Waddle* v. *Cook*, 2 Hill N. Y. 47 ; Drake on Attachment, § 248. Yet, it is no conversion as to said William J. Randall. Whether his interest or the whole is sold, he cannot complain, and if the plea be taken as true, he cannot maintain this

action, and the suit in its present form must fail. Whether the other party plaintiff can maintain a suit will depend on whether she was or not a partner or had any interest in said property.

*Demurrer overruled.*