## HAYS v BRUGGEMAN et

Ohio Appeals, 1st Dist, Hamilton Co

No 4817. Decided June 10, 1935

Cobb, Schott, Ticman & Neyer, Cincinnati, for plaintiff in error.

Peter J. McCarthy, Jr., Cincinnati, Harvey A. Schear, Cincinnati, and R. T. Dickerson, Cincinnati, for defendants in error.

## OPINION

By ROSS, PJ.

The court was in error in finding that the tender made stopped the running of interest, for granting that the tender included the amount of interest owing at the due date of the note, the tender was not completed by being set aside to the use of the payee or by being paid into court. §11390, GC, provides:

"In an action on a contract for the payment of money, if the defendant answers and proves that before the commencement of the action, he tendered payment of the

money due thereon, and before trial pays to the clerk the money so tendered, the plaintiff shall not have judgment for more than the money so due and tendered without costs, and shall pay the defendant his costs."

It is claimed that the payee stated he would not accept a tender in any event. What was said simply amounted to a refusal to accept the money which was actually offered to payee.

The record shows that after tender, the money was again placed in bank, subject to use by the one making the tender, and not paid into court. The tender was, therefore, not kept open. In the case of McCrea v Martin, 32 Oh St, 38, the court at page 42 states:

"The plaintiff had conveyed the land for which the notes were given, to the defendant who mortgaged the same back to the plaintiff, to secure the purchase-money. The money due on the notes belonged, in equity, to the plaintiff; and though the defendant might hold it for his own indemnity, he so held it as the trustee of the plaintiff. Instead of holding it without use, he put it into his business, and used it as his own, or as if it were borrowed money; and, failing to account for the profits, should, upon equitable principles, be held liable for the use of the money.

"It is well settled by the authorities that, in all such cases, the trustee is chargeable with interest. Powell v Martin, 8 Ves. 146; Selden v James, 6 Rand. 464; People v Gasherie, 9 Johns. 71; Kirkman v Vanlier, 7 Ala. 217, 230, and cases cited."

See also: 23 O. Jur., p. 44; 75 A.L.R. note, p. 369.

We cannot see how the case of State ex Stuart, etc. v Urschel et, 105 Oh St, 640, is applicable.

The judgment of the Court of Common Pleas must be modified to conform to the rule applicable, as herein noted. As so modified, the judgment will be affirmed.

MATTHEWS and HAMILTON, JJ, concur.