# Staunton

## B. F. AMOS v. A. F. FRANKLIN, ETC.

September 22, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*George E. Haw* and *William C. Miller, Jr.,* for the plaintiff in error.

*Louis S. Herrink,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This was a proceeding by civil warrant upon a claim in contract heard on appeal in the Circuit Court of the city of Richmond on January 7, 1931, in which A. F. Franklin, trading as Franklin Motor Company, was plaintiff and B. F. Amos was defendant.

The verdict of the jury was for the defendant, which verdict, on motion of the plaintiff, was set aside by the court as contrary to the law and the evidence, and the court entered judgment for the plaintiff in the sum of $403.25 with interest thereon and certain damages and costs.

The claim was based upon an alleged contract for the purchase by Amos from the plaintiff of one used Reo automobile truck. The ground of Amos' defense to the action was that he was deceived by the plaintiff into signing a paper which the plaintiff, through one of its employees, represented to be a permit for a demonstration of the truck, when it was actually a contract of purchase of the truck. Amos was an illiterate man. He could neither read nor write. He could barely sign his name.

The evidence furnished by the record is in a narrative form. It purports to summarize the testimony without identifying the witnesses. This is an unsatisfactory method of presenting the evidence which we venture to hope will be employed as seldom as may be.

██ Upon the motion to set aside the verdict of the jury, which was in favor of the defendant, we consider the case very much as upon a demurrer to the evidence, and the verdict of the jury will not be set aside unless it appears from the evidence that such verdict is plainly wrong or without evidence to support it. See in this connection Code, section 6363 and cases there cited.

██ The testimony of the defendant in effect was that on the 17th day of August, 1929, his Ford truck was giving him trouble and that it was driven to the plaintiff's place of business to have it repaired and while there an employee of the plaintiff proposed a trade of a Reo used truck for the defendant's Ford truck; that defendant said that he knew nothing about automobiles, had never driven one and that he would not think of trading until his son had tried out the Reo truck; that young Franklin, the plaintiff's son, took the Reo truck and hauled with it the posts which had been thrown off the Ford truck, to the place of its destination, but the defendant was insistent upon not consummating the deal until there was a trial of it by his son; thereupon the salesman told him he would have to sign a "ticket" before he could take the truck out for a demonstration; that inasmuch as he, defendant, could not read he asked the salesman if the signing of this paper would in any way bind him to buy the truck; the salesman assured him that it was only an agreement for a demonstration which would not bind him to purchase the truck and relying upon this representation he signed a slip of paper; that after signing the paper he waited at the plaintiff's shop until his son arrived, the truck was then driven by defendant's son into the country to test its capacity for hauling posts; that the springs were weak and the weight of the load caused them to sag down on the wheels and this impaired the pulling power of the truck to such an extent as to necessitate the removal of a part of the load; that for this reason the truck was unsatisfactory and the defendant's son re-

turned it to the plaintiff and asked for the Ford truck which he had left there but he was not allowed to move it.

The defendant's son corroborated this statement to the extent that it was distinctly understood that he was taking the plaintiff's truck only for the purpose of a demonstration and that it was found unsatisfactory for the above reasons.

We cannot say that, in the nature of things, the transaction could not have been in the manner and under the circumstances detailed by the defendant and his son. On the contrary, under the rule, we must accept their account as true, and to do so does not strain the credulity, nor is it repugnant to reason.

We think the evidence is sufficient to sustain the verdict and we so hold.

It is urged by the plaintiff that the certificate of the evidence is incomplete and does not conform to the requirements of the statute.

On the precise question this court held in the case of *Manchester Loan Ass'n* v. *Porter*, 106 Va. 528, 533, 56 S. E. 337, 338, as follows: "It is also insisted that it does not appear from the bill of exceptions No. 8 that all of the evidence was cited therein, and for that reason it will be presumed that the judgment complained of is right and must be affirmed. That bill of exceptions states that 'the court doth certify the evidence introduced on the trial of this case to have been as follows.' The objection made to the certificate is that it ought to have said 'all the evidence' instead of merely saying 'the evidence.'

"It is quite true, as argued, that the bill should state, or it should appear by clear inference, that the evidence which is certified is all the evidence; otherwise the appellate court will not know upon what the lower court based its action, and its judgment on the evidence will be presumed to be right. *McArter* v. *Grigsby*, 84 Va. 159, 4 S. E. 369, and authorities cited. When a court certifies that *the evidence* introduced on the trial was as follows, and sets it

forth without anything in the record to show, as in this case, that it was not all the evidence, it is not only a clear but a necessary inference that it was all the evidence introduced."

The certification in the case in judgment was substantially as that in the case cited. This disposes of the contention. But it is further urged that the contract in question was not made a part of the evidence. As to this we have to say that both the original contract and a copy thereof, certified to by the clerk of the trial court, were before this court when the case was argued; but if this were not so, there was ample evidence of its provisions, in the evidence certified, to acquaint us with its meaning. We think this contention is without merit.

The plaintiff contends that the court erred in giving the instruction which appears in the record and upon which he based a bill of exception. It is unnecessary to recite the instruction or to comment upon it, for the bill contains no ground of objection to it which is contrary to the requirement of Rule 22 of this court.

It follows that the judgment of the trial court is reversed.

*Reversed.*