# Richmond

HURDLE HENSLEY v. COMMONWEALTH OF VIRGINIA.

November 24, 1941.

Record No. 2499.

Present, All the Justices.

The opinion states the case.

*Russell M. Weaver* and *Charles A. Hammer,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Carrington Thompson, Special Assistant,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Hurdle Hensley, the plaintiff in error, was tried, convicted, and sentenced to two years in the State penitentiary upon an indictment charging him with the theft of three steers.

His petition for a reversal of the judgment contains seven assignments of error, five of which relate to the sufficiency of the evidence heard in the trial court to sustain the verdict of the jury and to the rulings of that court on its admissibility.

The Attorney General for the Commonwealth objects to the consideration of any of these five assignments because the evidence has not been so authenticated or certified as to make it a part of the record.

As an appellate court, we can review and consider only such matters as are contained in or are based upon the record of the case. In this case the evidence and the rulings of the trial court on its admissibility are not *per se* a part of the record. Unless they have been preserved by a bill or certificate of exception duly authenticated or certified by the trial judge, in accordance with Virginia Code, 1936, sections 6252 and 6253, they do not constitute a part of the record.

While the mere form of a bill or certificate of exception will not prevent its consideration, a bill or a certificate without the signature of the trial judge is fatally defective because, unless it is signed, we have before us nothing in the case except the process, the pleadings, the court order, the verdict, and the judgment.

The making of a bill or certificate of exception is a judicial act and cannot be delegated. It is essential, therefore, to its validity that whatever is intended to be incorporated in the record by it be identified or

earmarked by proper authentication of the trial judge. *Claud* v. *Pulley*, 169 Va. 467, 194 S. E. 670; *Narrows Grocery Co.* v. *Bailey*, 161 Va. 278, 170 S. E. 730; *West* v. *Richmond Ry., etc. Co.*, 102 Va. 339, 46 S. E. 330.

The printed record before us includes what purports to be a stenographic report of the evidence, a deposition, other evidence in narrative form, and some documentary evidence. At its conclusion are set out ten instructions, alleged to have been granted at the request of the plaintiff and defendant, respectively. Neither the purported evidence nor the instructions bear any endorsement or authentication by the judge, or "any note thereto appended or thereon endorsed," by him, or any earmark to indicate that they had been presented to him for review, correction, or certification.

Following the purported evidence and instructions are seven bills of exception, numbered from 1 to 7, inclusive, each identified by endorsement of the trial judge with his name and title thereon. Following them is a certificate by the trial judge that the "said several Bills of Exceptions" had been found to be correct and "for identification were numbered from No. 1 to No. 7, both inclusive, and the same are here now made a part of the record in this case, and the said pleas and the evidence is certified as all of the pleas and evidence offered in said case, and are made a part of the record herein." No mention whatever of the instructions is made in any of the seven bills of exception or in the certificate of the judge.

The seven bills of exception do not contain any of the evidence. The final certificate of the trial judge makes no such reference to the purported evidence as serves to identify it as the specific evidence offered in the case, if any was presented to him. It is significant also that while his certificate refers to the seven bills of exception as having been presented to him, no reference is made to the presentation of any bill or certificate of exception containing the evidence.

In the absence of evidence properly certified, we have nothing before us upon which to base an opinion with respect to the assignment of errors based thereon.

The remaining two assignments of error, covered in bills of exception one and two, relate to the rulings of the trial court on the indictment.

Although the original indictment against Hensley is not given in the printed record, we are told that it charged him with the larceny of eight cattle of the property of four named persons. The plaintiff in error demurred to it on the ground that it charged more than one crime because the goods and chattels might belong to four different persons. After the court overruled the demurrer, the indictment was amended to charge Hensley with the larceny of three steers of the goods and chattels of Herbert G. Patterson, to avoid any variance between the allegations of the indictment and the evidence which the Commonwealth offered in proof thereof. The accused objected to the amendment without stating any grounds therefor; but declined to avail himself of the right of a continuance.

Virginia Code, 1936, section 4878, provides a complete answer to the contentions of the plaintiff in error. This section makes it competent for the trial court to amend an indictment for a felony if there be any defect in form. It further provides: "and if, on the trial of any case, there shall appear to be any variance between the allegations of the indictment and the evidence offered in proof thereof, it shall be competent for the court before which the trial is had to amend the said indictment, according to the proof." In each instance, however, the amendment must not change the nature of the offense charged.

The original indictment charged only one crime. Eight cattle may be owned jointly by four persons. Whether or not they were so owned and whether or not they were stolen on separate occasions, were matters of proof. It is clear, we think, both that the amendment was author-

ized by the statute and that the nature of the offense was not thereby changed.

It follows that the judgment of the trial court must be affirmed. If the purported evidence, the instructions, and the original indictment were included in a record which we could consider, that record would disclose no error justifying a reversal of the judgment.

*Affirmed.*