# Richmond

## Town of Falls Church v. Bessie Mae Myers.

January 12, 1948.

Record No. 3268.

Present, All the Justices.

The opinion states the case.

*John A. K. Donovan* and *John G. Turnbull,* for the plaintiff in error.

*Harry A. Shockey* and *Charles Pickett,* for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Bessie Mae Myers instituted this action against the town of Falls Church to recover damages for personal injuries. The jury returned a verdict for plaintiff in the sum of $12,000, on which the trial court entered judgment. To review that judgment this writ of error was awarded the town of Falls Church.

At the threshold of this case, we are confronted with a motion to dismiss the writ of error on the grounds (1) that notice in writing of the time and place when and where the certificate of the evidence would be certified by the trial judge was not given, and (2) that neither the instructions nor the exhibits were earmarked or otherwise identified by the trial judge.

Code, sections 6252 and 6253, and Rule of Court No. 21, provide three simple methods by which there may be incorporated in the record of the trial court, the evidence, the exhibits, the instructions, the rulings of the court and other incidents of the trial for the purpose of review by this court. Regardless of the form of procedure selected, the litigant must give reasonable notice in writing to the opposing party or his attorney of the time and place at which he will tender the certificates to the trial judge for certification.

The purpose of this requirement is to give the opposing party or his attorney an opportunity to inspect the contents of the bill or certificate of exception in order that he may be certain that the truth is fairly stated and, if he does not think that the statements are correct, he may present his views to the trial judge before the subject matter is made a part of the record. What is a reasonable time depends upon circumstances and is usually determined by the trial judge, as the statute provides; "Before the judge shall sign any such certificate as mentioned above, it shall appear in writing that the opposing party, or his attorney of record, shall have had reasonable notice of the time and place when such certificate shall be tendered * * * ."

Judge Burks, in *Scholz* v. *Standard Acci. Ins. Co.*, 145 Va. 694, 134 S. E. 728, speaking for the court, said: "The statute is an important one, and compliance with it is necessary to the validity of the bill of exception; but how must such compliance be evidenced? Properly, the bill of exception or the order granting it should show it, but the practice in this respect has not been uniform. The statute is silent on the subject, but it is plain that what was to 'appear

in writing' was to appear to the trial court or judge who was to act on it. The manner of showing this is a matter of form."

■ Since the rendition of the foregoing decision, it is usually stated in the certificates that reasonable notice in writing was given to the attorney for the opposing party of the time and place at which the exceptions were to be tendered. When this fact appears in the certificate of the trial judge, no further proof of notice need be shown or reference made thereto in the record.

It is presumed that the trial judge will not sign the certificate until it has appeared to him that the notice had been given. If the record is silent and the opposing party contends that no notice was given, the fact of giving notice may be established by evidence *aliunde*. *Scholz* v. *Standard Acci. Ins. Co., supra.*

■ The trial judge in this case signed three certificates of exceptions, two on January 10, 1947, and one on January 24, 1947. In only one of the certificates was it stated that notice in writing of the time when and the place where the certificate would be tendered the trial judge had been given. No such statement is made in either of the other two certificates.

Defendant, to prove that notice was given, relies upon an alleged copy of the notice certified in the record by the clerk. This paper was not earmarked or alluded to by the trial judge. It follows that the copy of the notice filed with the clerk is no part of the record and cannot be so considered. See *Ross Cutter, etc., Co.* v. *Rutherford*, 157 Va. 674, 161 S. E. 898.

In addition, a joint affidavit was signed by the two attorneys for defendant and filed in this court. It was stated in this affidavit that on January 8, 1947, a written notice, stating that on January 10, 1947, at Fairfax Court House defendant expected to tender its certificates of exceptions to the trial judge, was left at the office of Charles Pickett, one of attorneys for plaintiff; and that before 10:00 A. M. on the morning of January 10, 1947, John G. Turnbull, one

of the attorneys for defendant, saw Mr. Pickett and asked him to acknowledge legal service of the notice. Mr. Pickett declined to accept service on the ground of the absence of his associate, Mr. Shockley, who was then in Florida. Notwithstanding this refusal, the attorneys for defendant presented the certificates to the trial judge at the time and place stated in the notice and the same were signed by the judge. It does not appear whether the notice left at the office of Mr. Pickett was called to his attention prior to the morning of January 10, just before the certificates were presented to the trial judge for his signature.

Mr. Pickett's expressed desire to have his associate with him at the time the certification was made is understandable. Mr. Turnbull had delivered a copy of the transcript of the evidence to the associate a few days before he discussed the matter with Mr. Pickett. The inference is that the associate was more familiar with the proposed record than Mr. Pickett.

Defendant's counsel, under the statute, was under the necessity of completing his certificate of exceptions and delivering it to the trial judge for certification within sixty days from November 26, 1946, the date of the final judgment. As stated, the matter was discussed with Mr. Pickett on January 10. A few days delay in presenting the certificate of exceptions to the trial judge would not have adversely affected any rights of defendant.

Leaving a copy of the notice at the office of opposing counsel and talking to him two days later, just before tendering the certificates of exceptions to the trial judge, and insisting, over the objection of opposing counsel, upon immediate certification, is not a reasonable time within the purview of the statute. However, plaintiff is not now in a position to take advantage of the fact that reasonable notice was not given, because subsequently—to-wit, on January 24, 1947—the attorneys for plaintiff and the attorneys for defendant appeared before the trial judge for the certification of an additional certificate of exceptions, at which time attorneys for plaintiff contended that the certificates of ex-

ceptions had been signed and certified by the trial judge. This constitutes a waiver of notice in writing. In other words, an attorney cannot contend before the trial court that certificates of exception had been properly certified by the trial judge and contend in this court that they had no notice of the time when and the place where the certification would be made. See *Grimes* v. *Crouch*, 175 Va. 126, 7 S. E. (2d) 115.

The certification of the evidence by the trial judge is as follows:

CERTIFICATE

"IN THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA

"BESSIE M. MYERS,
                    "Plaintiff

        "vs.

"TOWN OF FALLS CHURCH
                    "Defendant

"CERTIFICATE

"This is to certify that the following transcriptive testimony is all of the evidence offered by the parties in the within cause at the trial of same in the Circuit Court, Fairfax County, Virginia, on the 8th day of November, A. D., 1946.

                            (signed)    "Paul E. Brown
                            "Judge

"January 10th, 1947."

It will be noticed that this certificate does not earmark or identify the transcript of the evidence in any way except by stating that a transcript of the evidence follows. ▮ We have held repeatedly that the subject matter of the exception must be referred to, annexed, or be so earmarked by letter, number or other means of identification

mentioned in the bill as to leave no doubt when found in the record that it is the one referred to, "and these means of identification must be obvious to all, so that any one examining the record can know what document is to be inserted, or, after insertion, that the clerk has made no mistake." *Thornton* v. *Commonwealth*, 113 Va. 736, 742, 73 S. E. 481.

The 108 pages following the certificate of the trial judge contain, first, 26 pages of colloquies between counsel and the court; second, opening statements of counsel; and then what purported to be a transcript of the testimony.

This method of identifying a transcript of the evidence has been condemned repeatedly, but in several cases we have held that, while irregular, it is sufficient. *Amos* v. *Franklin*, 159 Va. 19, 165 S. E. 510; *Manchester Home Bldg., etc., Ass'n* v. *Porter*, 106 Va. 528, 56 S. E. 337; *Jeremy Imp. Co.* v. *Commonwealth*, 106 Va. 482, 56 S. E. 224.

Even if we hold that this irregular certification is sufficient, it will avail defendant nothing because neither the instructions nor the exhibits are identified or earmarked by the trial judge. There is an order in the record which states: "It is by the court this 10th day of January, A. D., 1947, ordered that the Exhibits, filed by the parties of this cause, be delivered to the defendant for presentation to the Supreme Court of Appeals." This order does not purport to identify the exhibits. It is simply a statement of the trial judge, made in the form of an order, permitting the exhibits that were filed, without identifying them, to be withdrawn from the clerk's office and delivered to the Supreme Court of Appeals.

The exhibits were not included with either of the certificates of exceptions as the attorneys signified their desire to file the original exhibits in this court, pursuant to the provisions of Code, section 6357 (Michie); the pertinent parts of which are: " * * * the original exhibits filed with the pleadings or with the evidence taken in the cause, instead of being copied into the record shall, if requested by

counsel of any interested party be certified and forwarded to the clerk of the Supreme Court of Appeals * * * ."

The phrase "be certified" means that the exhibits must be identified, earmarked, or certified by the trial judge and not by the clerk. This provision of the Act is in accord with Rule of Court No. 21, where it is provided expressly that the exhibits and instructions may be made a part of the record only when they are "duly authenticated by him (the trial judge)."

It is apparent that the exhibits were a vital part of the evidence, hence all the evidence on which plaintiff relies to prove her case is not properly before this court.

The distinction between the duties of a clerk, which are ministerial, and the functions of the trial judge, which are judicial, was not observed in making up the record in this case. We have held repeatedly that the pleadings, the orders, the verdict and the judgment constitute the record without a bill or certificate of exceptions. No other matter may be included in the record unless made so by the proper action of the trial judge within the time stated in the statute. The inclusion of such matter in the record is a judicial function and cannot be delegated. It is essential, therefore, that whatever is intended to be incorporated in the record of the trial court, must be identified or earmarked by proper authentication of the trial judge. See Justice Spratley's opinion in *Hensley* v. *Commonwealth*, 178 Va. 392, 17 S. E. (2d) 425, and cases cited.

After this has been done, the ministerial duties of the clerk require him to make a true copy of the record as completed by the trial judge. If the attorneys, in making up the record of the trial court for the purpose of review by this court, will simply read and apply Rule of Court No. 21, or appropriate sections of the Code and the annotations of the decisions of this court cited thereunder and follow the established procedure, much fruitless labor on their part, as well as on the part of the court, would be eliminated. For an interesting discussion of the subject, see "Practice in

the Supreme Court of Appeals of Virginia," by Ralph T. Catterall, 33 VLR 220.

There are two other certificates of exceptions signed by the trial judge, one on the 10th day of January, 1947, which contains 26 exceptions. The other certificate of exception was signed on the 24th day of January, 1947, and contains 16 reasons why it is claimed that each of the 26 rulings of the trial court was erroneous. All of these exceptions are based on a plea, which is erroneously called a plea of abatement; the admissions or rejections of evidence; and the giving or refusing of instructions. Unfortunately for defendant, the plea, the instructions and the exhibits are not made a part of the record by the proper certification or authentication of the trial judge and hence we cannot consider them.

The motion to dismiss the writ of error is, in effect, a motion to strike that part of the alleged record which is not properly authenticated and to affirm the judgment of the trial court. This motion will have to be sustained and the judgment of the trial court will be affirmed.

*Affirmed.*